Phyllis Gilmore, Executive Director Behavioral Sciences Regulatory Board 712 S. Kansas Avenue Topeka, Kansas 66603
Dear Mrs. Gilmore:
As Executive Director of the Behavioral Sciences Regulatory Board, you ask whether any of the following licensed persons have statutory authority to provide addictions counseling without being licensed by the Kansas Department of Social and Rehabilitation Services (SRS) as a treatment facility: psychologists, specialist clinical social workers, clinical professional counselors, clinical psychotherapists, or clinical marriage and family therapists. Additionally, you pose the same question regarding registered alcohol and other drug abuse counselors.
In 1981, then Attorney General Robert Stephan was asked this question in relation to psychologists. He opined that if psychological services were rendered, even on an out-patient basis, for the treatment of alcohol or drug abuse, a treatment facility was created pursuant to K.S.A. 65-4003(4)[1]
and/or 65-4602(b),[2] and concluded that:
 "The offering of such services creates a `treatment facility' which must be licensed if it is to operate, and the fact that a person offering such services has been previously licensed as a practicing psychologist does not excuse him from this requirement."[3]
Then, as now, the Alcoholism and Intoxication Treatment Act[4] prohibited persons from establishing, conducting or maintaining a treatment facility without a license;[5]
doing so was, and is, punishable as a class C misdemeanor.[6] The 1981 opinion was grounded, in large part, on the definition of "treatment facility" found at K.S.A.65-4003(4) which, in 1981, specifically excluded only licensed medical care facilities, licensed adult care homes, psychiatric hospitals, community mental health centers and facilities for the mentally retarded or other handicapped persons.
In response to Attorney General Stephan's 1981 opinion,[7] the 1982 Kansas Legislature amended the statutory definition of "treatment facility" found at K.S.A.65-4003(4) to additionally exclude:
 "A certified psychologist or a person licensed to practice medicine and surgery if such psychologist or person licensed to practice medicine and surgery treats in the usual course of their professional practice alcoholics or intoxicated persons or persons incapacitated by alcohol and are not exclusively engaged in the ususal course of their professional practice in treating such persons. . . ."[8]
This amendment removed the dual license requirement for psychologists and doctors that Attorney General Stephan's opinion had mandated. Then in 1998, the Legislature repealed K.S.A.65-4003.[9] The effect of the repeal was to eliminate any statutory definition of "treatment facility" in the Alcoholism and Intoxication Treatment Act.[10] However, since 1978 an SRS administrative regulation has been, and remains, in effect that defines "treatment program" as:
 "Any place, building, couple of buildings, office or private dwelling, which provides treatment services to alcohol and/or drug abusing persons through the provision of guidance, supervision, and personal services designed to assist the individual in rehabilitation or habilitation to a healthy mode of living. The term alcohol and/or drug abuse treatment program shall not apply to licensed medical care facilities, licensed adult care homes, or licensed mental health centers."[11]
While the current regulatory definition differs somewhat from the now repealed K.S.A. 65-4003(4) statutory definition, the former excludes as the latter excluded certain types of facilities from the scope of "treatment program" or "treatment facility" As Attorney General Stephan opined in 1981, "[g]iven [these limited exceptions], there would appear to be no avenue open to a private individual who wished to operate a treatment facility but to submit to licensure."
Based on the foregoing analysis, we affirm the conclusion reached in Attorney General Opinion No. 81-90: The offering of alcohol treatment creates a treatment facility which must be licensed if it is to operate, and the fact that a person offering such services is licensed as a psychologist, a specialist clinical social worker, a clinical professional counselor, a clinical psychotherapist, a clinical marriage and family therapists or registered as an alcohol and other drug abuse counselors does not excuse such person from this requirement. Whether such a dual license requirement is necessary or appropriate is a policy decision best left to the Legislature.
Sincerely,
Phill Kline Attorney General
Camille Nohe Assistant Attorney General
PK:JLM:CN:jm
[1] Definition of treatment facility for purposes of alcoholism treatment.
[2] Definition of treatment facility for purposes of drug treatment.
[3] Attorney General Opinion No. 81-90.
[4] K.S.A. 65-4001 et seq.
[5] K.S.A. 65-4012.
[6] K.S.A. 65-4022.
[7] See Minutes, House Public Health and Welfare Committee, March 29, 1982 (John Peterson, appearing for the Kansas Association for Professional Psychologists, testified that the Attorney General's Opinion ruled to the effect that an individual practitioner who provided alcohol treatment services was in fact a treatment facility. Mr. Peterson further stated that he did not know if that was the intent of the law, but believed the Attorney General's Opinion extended beyond what the Legislature intended. The House committee then added language excluding psychologists and doctors who provide alcohol treatment in the course of their practice; this exclusionary language was enacted into law).
[8] L. 1982, Ch. 268, § 3.
[9] L. 1998, Ch. 134, § 52.
[10] The repeal of K.S.A. 65-4003 and a number of other statutes within the Alcoholism and Intoxication Treatment Act occurred a part of a comprehensive recodification of the Care and Treatment for Persons with an Alcohol or Substance Abuse Problem Act, K.S.A. 59-29b45 et seq. See L. 1998, ch. 134, § 1 etseq. The definition of "treatment facility" in that act continued to exclude "a psychologist or physician, who may treat in the usual course of the psychologist's or physician's professional practice individual incapacitated by alcohol or other substances, but who are not exclusively engaged in the usual course of the individual's professional practice in treating such individuals." However, this exclusion was entirely removed from the Alcoholism and Intoxication Treatment Act with the repeal of K.S.A. 65-4003.
[11] K.A.R. 30-31-1(10).